**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JAMAL F. WOODLEY, SR.,        :    Case No. 2:24-cv-669
                                  :
       Plaintiff,             :
                                    :    District Judge Michael H. Watson
vs.                                :    Magistrate Judge Stephanie K. Bowman
                                    :
DAVID C. YOUNG, et al.,         :    **REPORT AND**
                                    :    **RECOMMENDATION**
       Defendants.        :
                                    :

Plaintiff, a pretrial detainee at the Franklin County Corrections Center, has filed a pro se civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiffs' Complaint**

**A. Legal Standard**

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."

*Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.*

at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Allegations in the Complaint

Plaintiff brings this action in connection with his pending criminal case in the Franklin County Court of Common Pleas, Case No. 22-CR-5196. As defendants, plaintiff names Judge David C. Young, defense attorneys Evan Poole, Touré McCord, Fredrick Benton Jr., Larry Thomas, and prosecutor John R. Cornely. According to plaintiff, defendant Judge Young violated plaintiff's constitutional rights during his state court proceedings, including his right to a speedy trial. (Doc. 1 at PageID 1, 15). Plaintiff alleges that defendant Thomas—one of plaintiff's defense attorneys—failed to file a suppression memorandum on his behalf, signed plaintiff's name without his consent, and withheld evidence. (*Id.* at PageID 1-2, 4, 10-11). With respect to defendant defense attorneys Benton Jr. and McCord, plaintiff claims these defendants provided ineffective assistance of counsel and/or failed to file a motion to dismiss the charges against him on speedy trial grounds. (*Id.* at PageID 5-7). Plaintiff claims that defendants public defenders Poole and Kurila violated his rights by failing to include one of his pending cases in a motion to dismiss. (*Id.* at PageID 3-4, 9, 12-14). Plaintiff further alleges that the prosecutor, defendant Cornely, violated the Franklin County Court of Common Pleas rules of practice and also acted to violate his speedy trial rights. (*Id.* at PageID 1, 5, 12).

Plaintiff has also filed a notice of amended complaint. (Doc. 9). Although the document includes a caption with additional defendants,[1] it includes no factual allegations. (*See id.*).

---

[1] The amended complaint caption includes defendants Chief Deputy Geoffrey Stobart, Detective Guy Grinstead, and Andy Callif. (*See* Doc. 9 at PageID 77). Plaintiff's sole factual allegation in the original complaint regarding these defendants is that "This farce sham started with a bondsmen 'Andy Callif in Franklin County who surrender my bond falsely, because he was in belief I had been arrested which was not true." (*See* Doc. 1 at PageID 1).

3

## C. Analysis

Plaintiff's complaint, as amended, is subject to dismissal at the screening stage. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As an initial matter, plaintiff's complaint is subject to dismissal to the extent that he challenges his state-court criminal proceedings as violating his speedy trial rights and seeks dismissal of the charges/release from custody. Plaintiff's sole remedy in this regard is a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus after he has exhausted his state-court remedies. *See Preiser*, 411 U.S. at 500; *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).[2]

In any event, the named defendants—the judge, defense attorneys, and prosecutor involved in his state-court criminal proceedings—should be dismissed as defendants to this action.[3]

As to the defendant Judge David C. Young, the complaint must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the

---

[2] The undersigned notes that plaintiff has filed a habeas corpus petition in this Court in *Woodley Sr. v. Young*, Case No. 2:24-cv-1619 (Marbley, J.; Bowman, M.J.) (S.D. Ohio Feb. 13, 2024).

[3] To the extent that plaintiff contends that defendants conspired against him, the undersigned notes that such a claim is also subject to dismissal. It is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Here, construing the complaint liberally, plaintiff's factual allegations are insufficient to plausibly suggest that the defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right.

subject matter giving rise to the suit against them.  *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978).  *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985).  Plaintiff's complaint alleges no facts to plausibly suggest that defendant Young presided over a matter in which he was without subject matter jurisdiction or performed non-judicial acts.

In addition, plaintiff's complaint fails to state a claim for relief under § 1983 against defendants Poole, McCord, Kurila, Thomas, and Benton Jr., his defense attorneys in his state criminal case, because these defendants are not state actors.  In order to maintain an action under § 1983, plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States.  *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).  As a lawyer representing a client, defendants were not state actors within the meaning of § 1983.  *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers).  *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998).

The complaint should also be dismissed against defendant prosecutor Cornely.  "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial.  *Imbler*, 424 U.S. at 431.  *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986).  A prosecutor's

initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998). In this case, plaintiff's claims against defendant Conely are premised on the prosecutor's initiation and pursuit of criminal charges against plaintiff. Because these activities are intimately associated with the judicial phase of the criminal process, defendant Conely is entitled to immunity.

Finally, as noted above, plaintiff does not include any factual allegations against the defendants included in the caption of the notice of amended complaint, aside from plaintiff's conclusory allegation against Callif . (*See supra* n.1). To survive dismissal for failure to state a claim upon which relief may be granted, plaintiff must plead factual content that allows the Court to reasonably infer that a named defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Absent any factual allegations against these defendants, the complaint should be dismissed as to defendants Stobart, Grinstead, and Callif for failure to state a claim upon which relief may be granted.

Accordingly, in sum, because plaintiff has failed to state an actionable claim against the named defendants, the complaint, as amended, should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1.   The plaintiff's complaint, as amended, be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2.   Plaintiff's pending motion for summary judgment (Doc. 10) be **DENIED.**

3.   The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

7