UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jamal F. Woodley, Sr.,

    Plaintiff,

    v.

David C. Young, *et al.*,

    Defendants.

Case No. 2:24-cv-669

Judge Michael H. Watson

Magistrate Judge Bowman

## OPINION AND ORDER

Before the Court are several motions in this pro se prisoner civil rights case. The procedural history is important to the analysis and is therefore set forth below.

### I.    PROCEDURAL HISTORY

Jamal F. Woodley, Sr., ("Plaintiff") filed a pro se complaint in the United States District Court for the District of Columbia. Compl., ECF No. 1. He alleges various rights were violated in his state criminal proceedings. *Id.* Plaintiff names as defendants: the presiding judge over those state criminal cases ("Judge Young"), the prosecutor in those cases ("Prosecutor Cornely"), several of his various defense attorneys in those cases (Larry Thomas, Fredrick Benton Jr., Touré McCord, and Evan Poole), and a Franklin County Sheriff's Chief Deputy ("Chief Deputy Stobart"). *Id.*, ECF No. 1-1 at PAGEID # 105. The Complaint asks for immediate release from custody, damages, and other injunctive relief. *See id.* at Ex. 1 at PAGEID # 100, 106.

The United States District Court for the District of Columbia transferred the case to this Court. Transfer Order, ECF No. 4.

Plaintiff then filed an Amended Complaint, ECF No. 9, which was not signed. It consisted of a cover page only. *Id.* That unsigned cover page sought to add as defendants to the lawsuit: defense attorney Catherine Kurila, Detective Guy Grinstead, and Andy Callif. *Id.* at 2.

When Defendants—who had not been served—failed to respond to the Complaint within twenty-one days, Plaintiff moved for summary judgment, ECF No. 10.

After performing an initial screen of the case pursuant to 28 U.S.C. § 1915A, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court deny Plaintiff's motion for summary judgment and dismiss Plaintiff's Complaint. R&R, ECF No. 12. Specifically, the R&R concludes Plaintiff cannot seek release from confinement under § 1983; a petition for a writ of habeas corpus is the sole vehicle available for that remedy. *Id.* at 4. Even if Plaintiff could proceed under 42 U.S.C. § 1983, the R&R concludes that Judge Young is entitled to absolute judicial immunity, Plaintiff's various defense attorneys were not state actors under § 1983, and Prosecutor Cornely was entitled to absolute prosecutorial immunity. *Id.* at 4–6. Finally, it concludes that, although the Amended Complaint named additional defendants in the case caption, neither the Amended nor the original Complaint contained factual

allegations about Chief Deputy Stobart or those defendants, and so they, too, should all be dismissed. *Id.* at 6.

Plaintiff objected to the R&R, but the objection was deficient as it was unsigned. Obj., ECF No. 14.

The Court Ordered Plaintiff to re-file signed versions of the Amended Complaint and the objections to the R&R, noting the Court would strike the documents from the docket if Plaintiff failed to cure the lack of signature. Order, ECF No. 15. The Court mailed those unsigned documents to Plaintiff so that he could sign and re-file them. *See* ECF Nos. 16 & 17.

Thereafter, Plaintiff moved to stay this case and a habeas case that is pending before a different Judge of this Court. Mot. Stay, ECF No. 18. The motion in this case states in relevant part, "I would like to stay all proceedings on both cases and would like to be transfer[sic] back to the state court immediately to address my constitutional violation." *Id.* (cleaned up). Later still, Plaintiff filed copies of documents from his state-court criminal cases.[1] ECF No. 21. As attachments thereto, he submitted a signed version of his objections to the R&R. ECF No. 21-1. Plaintiff never submitted a signed version of the Amended Complaint, ECF No. 9.

---

[1] Plaintiff's state-court criminal cases were apparently ongoing at the time he filed the Complaint in this case. The Court need not consider whether to abstain under *Younger* because those state criminal cases have now concluded, and the Court dismisses the Complaint on other grounds.

## I. ANALYSIS

As a preliminary matter, Plaintiff's motion to stay is **DENIED**.[2] First, this lawsuit was not originally filed in state court; it was filed in the United States District Court for the District of Columbia. See Transfer Order, ECF No. 4. The Court thus cannot *remand* this case "back" to state court. Second, if the motion seeks to transfer the case back to the District of Columbia, venue there was improper, so that request is denied. Third, if the Court were to "remove" or "transfer" this case to another court, it would not also stay the case here.

Next, Plaintiff has received the Court's order requiring him to resubmit signed copies of the Amended Complaint and objections to the R&R. See ECF No. 21-1 at PAGEID # 131 (showing Plaintiff submitted a copy of the Court's *Nunc Pro Tunc* Order, ECF No. 17, and therefore must have received the same). Although Plaintiff submitted a signed copy of his objections to the R&R, he failed to submit a signed copy of the Amended Complaint. Accordingly, the Court **STRIKES** Plaintiff's unsigned Amended Complaint, ECF No. 9. The Court will consider the R&R and objections thereto only to the extent they are directed at the original Complaint.

Finally, Plaintiff's objections to the original Complaint, ECF No. 21-1, are **OVERRULED**. The objections merely repeat the violations Plaintiff alleges

---

[2]This Order is issued independent of the Report and Recommendation ("R&R") dated November 13, 2024. Accordingly, because this Order does not consider said R&R, it is **REJECTED AS MOOT**.

occurred in his state-court criminal cases. They do not address any of the recommendations in the R&R. For example, the objections contain no response to the R&R's conclusion that Plaintiff's request for release from custody requires his grievance be pursued in a habeas petition, not a § 1983 lawsuit. It likewise does not respond to the R&R's conclusion that Judge Young is entitled to absolute judicial immunity, that Prosecutor Cornely is entitled to absolute prosecutorial immunity, or that Larry Thomas, Fredrick Benton Jr., Touré McCord, and Evan Poole are not state actors for purposes of § 1983. Finally, the only other defendant named in the original Complaint was Chief Deputy Stobart, and the objections do not address the R&R's conclusion that the Complaint lacks any factual allegations about him. Because the objections merely repeat the allegations from the original Complaint and do not specify the portions of the R&R objected to (let alone cast doubt on the same), they amount to a mere general objection, which "is the same as no objection." *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

Because the objections fail to comply with Federal Rule of Civil Procedure 72(b), the Court **ADOPTS** the R&R without conducting de novo review. As an alternative holding, the Court finds them meritless.

## II. CONCLUSION

In sum, the Amended Complaint, ECF No. 9, is **STRICKEN**. Plaintiff's motion to stay is **DENIED**. The objections are **OVERRULED**. The R&R is **ADOPTED**, and the Complaint is **DISMISSED**. The Clerk shall terminate ECF Nos. 10, 12, & 18, and close this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**